IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

METROPCS COMMUNICATIONS,     §
INC., et al.,                §
                             §
             Plaintiffs,     §
                             §  Civil Action No. 3:06-CV-1399-D
VS.                          §
                             §
LEAP WIRELESS INTERNATIONAL, §
INC., et al.,                §
                             §
             Defendants.     §

MEMORANDUM OPINION
AND ORDER

     The court must decide whether there is a case or controversy
that enables it to exercise subject matter jurisdiction over
plaintiffs' patent-based declaratory judgment action.  Concluding
that the totality of circumstances do not establish that, when
plaintiffs filed their complaint, they had an objectively
reasonable apprehension of being faced with an imminent patent
infringement suit, the court grants defendants' motion to dismiss
and dismisses this case without prejudice for lack of jurisdiction.

I

     Plaintiffs MetroPCS Communications, Inc. and other related
entities (collectively, "MetroPCS") and defendants Leap Wireless
International, Inc. and Cricket Communications, Inc. (collectively,
"Leap") are competing wireless services providers now engaged as
adverse parties in four lawsuits pending in courts across the
United States.  Leap filed the first of these suits against
MetroPCS in the United States District Court for the Eastern

District of Texas ("the Marshall Action"), alleging that MetroPCS infringes United States Patent No. 6,813,497 ("the '497 patent") by making, using, offering for sale, and selling "certain flat-rate, unlimited usage, wireless phone services."  Ps. App. 25.

Leap is also the assignee of United States Patent No. 6,959,183 ("the '183 patent").  The independent claims of the '183 patent are directed toward wireless communications services with flat rate pricing and unlimited access.  After MetroPCS filed its answer and counterclaims in the Marshall Action, it initiated three other lawsuits against Leap in different jurisdictions, including the instant case, in which it seeks a declaratory judgment that it does not infringe the '183 patent.[1]  MetroPCS alleges that there is a case or controversy because Leap has already sought enforcement of the '497 patent, which has a specification that is virtually identical to that of the '183 patent, and because Leap has enforced the '183 patent and entered into a license for this patent with at least one other wireless service provider.

Leap moves to dismiss this action under Fed. R. Civ. P. 12(b)(1), contending that the court lacks subject matter jurisdiction because MetroPCS has failed to allege facts supporting

---

[1]MetroPCS also sued Leap in California state court on various claims closely related to the counterclaims asserted against Leap in the Marshall Action, and a subsidiary of MetroPCS sued Leap in the United States District Court for the Middle District of Florida seeking a declaratory judgment that it does not infringe the '497 patent.

an objectively reasonable apprehension of suit on the '183 patent. Alternatively, Leap moves to transfer the case under 28 U.S.C. § 1404(a) to the Eastern District of Texas.[2]

After Leap filed the motion, MetroPCS requested that Leap stipulate that MetroPCS, its subsidiaries, its affiliates, or its customers do not infringe any of the current claims of the '183 patent. Leap refused to enter into the stipulation, asserting that MetroPCS was requesting a stipulation of non-infringement rather than a covenant not to sue, and that the requested stipulation was overbroad. In its response to Leap's motion to dismiss, MetroPCS argues that Leap's refusal to give assurance that it will not sue MetroPCS for infringing the '183 patent supports a reasonable apprehension of suit. In its reply, Leap has provided a covenant that it will not sue any of the named plaintiffs for infringing the '183 patent, as it presently reads.[3] MetroPCS acknowledges in its surreply that this covenant is "a step in the right direction," Ps. Surreply 1, but it maintains that it still has a reasonable apprehension of suit because Leap failed to include MetroPCS's indemnitees, agents, dealers, and customers in the covenant not to sue.

---

[2]Because the court dismisses this case for lack of subject matter jurisdiction, it does not reach Leap's motion to transfer.

[3]Leap maintains that this limitation is necessary because the patent is currently in reissue proceedings.

II

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "parallels Article III of the Constitution, [and] 'requires an actual controversy between the parties before a federal court may exercise jurisdiction over an action for a declaratory judgment.'" *Teva Pharms. USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324, 1331 (Fed. Cir. 2005) (quoting *EMC Corp. v. Norand Corp.,* 89 F.3d 807, 810 (Fed. Cir. 1996)). "Generally, the presence of an 'actual controversy,' within the meaning of the Act, depends on 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (citing *EMC Corp.,* 89 F.3d at 810). The existence of an actual controversy is a question of law. *See DuPont Merck Pharm. Co. v. Bristol-Myers Squibb* Co., 62 F.3d 1397, 1401 (Fed. Cir. 1995) (per curiam) (addressing appellate standard of review).

The Federal Circuit has

> articulated a two-part test to determine whether an "actual controversy" exists in actions involving a claim for a declaration of patent invalidity or noninfringement. Under that test, the declaratory plaintiff must establish both (1) a reasonable apprehension that it will face a patent infringement suit if it commences or continues the activity at issue, and (2) present activity by the declaratory plaintiff that could constitute infringement, or concrete steps taken by the plaintiff with the intent to conduct such

- 4 -

activity.

*Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 942 (Fed. Cir. 2006) (citing *MedImmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1379 (Fed. Cir. 2005)).   There must be a real and substantial dispute.   *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 879 (Fed. Cir. 1983) ("This requires a real and substantial dispute affecting the legal rights and obligations of parties having adverse interests.").   The apprehension must be of an imminent lawsuit.   *Teva*, 395 F.3d at 1333 ("In order for this case to be one fit for judicial review, Teva must be able to demonstrate that it has a reasonable apprehension of *imminent* suit.").

> Whether there is an actual controversy between parties having adverse legal interests depends upon whether the facts alleged show that there is a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.   This requirement of imminence reflects the Article III mandate that the injury in fact be concrete, and actual or imminent, not conjectural or hypothetical.

*Id.* (citations and internal quotation marks omitted).   "The test . . . is objective and is applied to the facts existing when the complaint is filed."   *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988) (citing *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 883 (Fed. Cir. 1985)).   The court makes this determination under the totality of the circumstances.   *See C.R. Bard*, 716 F.2d at 880 ("We therefore hold that an examination of the totality of the circumstances must be

made to determine whether there is a controversy arising under the patent laws.").

III

The court considers as a threshold matter the effect of Leap's covenant not to sue any of the named plaintiffs for infringing the '183 patent, as it presently reads.

A

Leap argues that this covenant eliminates any possibility of a live case or controversy and that this action must be dismissed for lack of subject matter jurisdiction. MetroPCS counters that, although the covenant is a "step in the right direction," it is insufficient to divest the court of jurisdiction because it does not relieve MetroPCS of the reasonable apprehension that Leap will sue MetroPCS's indemnitees, agents, dealers, and customers. MetroPCS argues that because a "legal interest" exists between MetroPCS and each of these groups, each one should have been included in Leap's covenant, if it is to relieve MetroPCS's apprehension of a patent infringement suit.

Neither party appears to disagree with the premise that Leap's covenant not to sue any of the named parties is sufficient, as a matter of law, to remove any reasonable apprehension that MetroPCS itself or the other named plaintiffs would face an infringement suit brought directly against them by Leap. *See Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir.

- 6 -

1999) ("[A] covenant not to sue for any infringing acts . . . is sufficient to divest a trial court of jurisdiction over a declaratory judgment action."); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) ("[A] patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts."). But the court must address whether MetroPCS still has a reasonable apprehension that it faces an infringement suit because of Leap's failure to include MetroPCS's indemnitees, agents, dealers, and customers in the covenant not to sue.

The Federal Circuit recently addressed the question whether a declaratory judgment plaintiff's "purported apprehension of its customers being sued satisfies the first criterion for declaratory judgment jurisdiction." *Microchip*, 441 F.3d at 942. The court concluded that "apprehension, absent any 'adverse legal interest' existing between [the declaratory judgment plaintiff] and [the patentee] does not meet that test," and held that it did not have subject matter jurisdiction based on the plaintiff's apprehension that its customers might face a patent infringement suit. *Id.* In reaching its decision, the court noted:

- 7 -

> While Microchip's customers may or may not
> have had an "adverse legal interest" or have
> been at "legal risk," they were not parties to
> this action.  Nor has Microchip established a
> legal relationship between it and a customer
> that had a legal interest adverse to
> Chamberlain, such as the existence of an
> indemnity agreement between Microchip and its
> customer.

*Id.* at 943.

MetroPCS argues that in this case there *is* a legal relationship between it and its agents, dealers, indemnitees, and customers such that an infringement suit by Leap against any of these parties could result in litigation against MetroPCS.  It maintains that there are indemnity provisions in certain of its services agreements that would enable a party to seek indemnity from MetroPCS if Leap sued the party for infringing the '183 patent.  According to MetroPCS, if Leap sues one of its agents or dealers for patent infringement, MetroPCS may ultimately be found responsible for the actions of its agents and dealers and face liability for patent infringement.

Because Leap's covenant not to sue would not completely insulate MetroPCS from suit arising out of a possible infringement of the '183 patent by an agent, dealer, customer, or indemnitee, the court concludes in the context of this case that the covenant does not alone divest it of jurisdiction.

B

Although the existence of the covenant does not of itself result in dismissal of this declaratory judgment action, in this case it materially impacts the determination whether, under the totality of the circumstances, MetroPCS has a reasonable apprehension that it will face an infringement suit on the '183 patent. As framed in light of the covenant, any reasonable apprehension that MetroPCS has is purely derivative, arising if at all by reason of litigation first initiated against an agent, dealer, customer, or indemnitee that in turn results in a suit against MetroPCS. MetroPCS has failed, however, to establish a reasonable apprehension of imminent suit in this limited context.

MetroPCS has not demonstrated that Leap has explicitly or implicitly threatened MetroPCS or any other entity with the claim that it is infringing the '183 patent. MetroPCS does not allege that Leap has sent threatening letters, made threatening statements, contacted suppliers, agents, dealers, indemnitees, or customers, or taken any concrete steps to indicate a claim of infringement by, or imminent suit against, any party. Leap has not brought suit against any party on the '183 patent.

In arguing in its surreply that the covenant is insufficient, MetroPCS identifies a single indemnitee under a services agreement and argues that Leap *may* be able to sue that indemnitee for patent infringement. But it offers no assertions or evidence that Leap

has even suggested that this indemnitee is subject to suit for infringing the '183 patent. The same is true for MetroPCS's agents, dealers, and customers. Although MetroPCS generally discusses these groups and its potential liability to them if they are sued for patent infringement, it offers only conclusory assertions that it has a reasonable apprehension of suit. Essentially, MetroPCS bases its allegedly reasonable apprehension on Leap's position as a MetroPCS competitor, Leap's litigious conduct related to the '497 patent, MetroPCS's legal relationships with its agents, dealers, customers, and indemnitees, and Leap's refusal to enlarge the scope of the covenant not to sue so that it includes these third parties. MetroPCS's inchoate concern that it *may* be subject to suit because third parties *may* be sued for infringing the '183 patent is insufficient under the totality of the circumstances of this case to give rise to a reasonable apprehension of imminent suit. Thus while the covenant not to sue does not alone result in dismissal of this suit, it effectively does so on the present record.

Having considered the totality of the circumstances, the court holds that MetroPCS has not satisfied its burden of establishing facts that support the existence of an actual case or controversy because it has not shown that, at the time it filed this lawsuit, it had an objectively reasonable apprehension of facing an imminent suit for infringing the '183 patent. Consequently, the court

dismisses this action without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1).

**SO ORDERED.**

January 23, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE